IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| N.G., a minor, by and through BRITTANY GONZALEZ, N.G.'s Parent and Natural Guardian, and BRITTANY GONZALEZ, | ) CIVIL DIVISION ) ) No: 2:21-cv-754 |
| Plaintiffs, | ) ) |
| v. | ) ) ELECTRONICALLY FILED |
| INSTANT BRANDS, INC., and TARGET CORPORATION, | ) ) ) TRIAL BY JURY OF TWELVE |
| Defendants. | ) DEMANDED |

**DEFENDANT TARGET CORPORATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' PUNITIVE DAMAGES CLAIMS**

AND NOW, comes Defendant, Target Corporation (hereinafter "Target") by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, Joseph V. Lesinski, Esquire, and Lauren E. Purcell, Esquire, and sets for the the following Brief in Support of Motion to Dismiss Plaintiffs' Punitive Damages Claims:

## I.   STATEMENT OF FACTS

This matter arises from an incident involving an Instant Pot pressure cooker, which Plaintiffs allege was designed, manufactured, and distributed by Defendant Instant Brands, Inc. *See generally*, Plaintiffs' Complaint (ECF #1), a true and correct copy attached hereto as Exhibit "A". The Plaintiffs, minor N.G. and Brittany Gonzalez (hereinafter collectively referred to as "Plaintiffs"), aver that on August 18, 2020, Plaintiff Brittany Gonzalez purchased an Instant Pot from a Target store located at 600 Cahuvet Drive, Pittsburgh, Pennsylvania 15275. *Id.* at ¶ 22. Plaintiffs contend that the subject Instant Pot was defective in that it allegedly failed to prevent the lid of the pot from being removed while the unit remained pressurized. *Id.* at ¶¶ 24, 28. Plaintiffs aver that on September 18, 2020, as Plaintiff Brittany Gonzalez was using the Instant

Pot, the claimed defect allegedly caused the contents of the pot to spill out, which resulted in injuries to Plaintiffs.  *Id.* at ¶¶ 29-44.

Plaintiffs filed their Complaint on June 8, 2021.  With regard to Target, Plaintiffs assert claims for strict product liability (Counts I and II), negligence (Count III), and negligent/reckless misrepresentation (Count IV).   *Id.* at ¶¶ 45-81.  In the *ad damnum* clauses of each of these claims, Plaintiffs seek an award of punitive damages.  *See Id*.  In support of their claim for punitive damages, Plaintiffs aver that "Defendants knew or should have known that Instant Pots possess a seriously safety risk to Plaintiffs and the public."  *Id.* at ¶¶ 27, 29, 27, 29, 46, 58-60, 70.   Plaintiffs further aver that despite this knowledge, Defendants continue to design, manufacture, and/or sell Instant Pot pressure cookers.  *Id.* at ¶ 27.

As set forth below, Plaintiffs have failed to plead facts sufficient to meet the standard for the award of punitive damages under Pennsylvania law.  Plaintiffs' Complaint contains nothing more than conclusory and speculative averments with regard to their punitive damages claim against Target, which fail to show that Plaintiffs are entitled to punitive damages.  Target therefore respectfully requests that this Honorable Court grant the within Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss any and all claims for punitive damages against Target, including the allegations of reckless, callous, and depraved indifference made in support of these claims.

II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed when it fails "to state a claim upon which relief can be granted." Fed.R.C.P. 12(b)(6).  In reviewing a motion to dismiss, a court must "'accept all factual allegations as true, construe the complaint in light most favorable to the plaintiff, and determine whether, under any reasonable

reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 678); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

To meet this obligation, Plaintiff must allege more than "'mere labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Twombly*, 550 U.S. at 555; *Phillips*, 515 F.3d at 232). The "factual allegations must be enough to raise a right to relief above the speculative level" and "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555 (internal citations omitted). Conclusory or bare bones allegations will no longer survive a motion to dismiss, and "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler*, 578 F.3d at 210 (*quoting Iqbal*, 556 U.S. at 678). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (*citing Phillips*, 515 F.3d at 234-35). A complaint does not meet this standard "'[w]here the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, a Complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.'" *Phillips*, 578 F.3d at 211 (*quoting Iqbal*, 556 U.S. at 678).

3

In reviewing the sufficiency of a complaint, a court must first "'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" *Connelly*, 809 F.3d at 787 (*quoting Iqbal*, 556 U.S. at 675). Next, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (*quoting Iqbal*, 556 U.S. at 675; *citing Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)). Lastly, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (*quoting Iqbal*, 556 U.S. at 679). In other words, the court must separate the factual and legal elements, in which the court must accept all of the complaint's well-pleaded facts as true while disregarding any legal conclusion. *Fowler*, 578 F.3d at 210-11.

### III.  ARGUMENT

Federal courts sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Kester v. Zimmer Holdings, Inc.*, 2010 U.S. Dist. LEXIS 59869, *14 (W.D. Pa. 2010) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *see also Griggs v. Bic Corp.*, 981 F.2d 1429, 1431 (3d Cir. 1992). Accordingly, Pennsylvania law must be applied in analyzing the adequacy of Plaintiffs' for punitive damages.

The function of punitive damages "is to deter and punish egregious behavior." *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985), *rev'd on other grounds sub nom*. Punitive damages serve as a deterrence as well as a punishment function." *Hall v. Jackson*, 788 A.2d 390, 403 (Pa. Super. 2001), *citing Johnson v. Hyundai Motor America*, 698 A.2d 631, 639 (Pa. Super. 1997). As such, punitive damages are an "extreme remedy" available only in the most exceptional matters. *Martin*, 494 A.2d at 1098 n.14.

In analyzing the issue of whether or not punitive damages should be awarded to a plaintiff, courts have embraced the guidelines of Section 908 of the Restatement (Second) of Torts, which provides that "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts §908 (1979); *Feld v. Merriam*, 485 A.2d 742 (Pa. 1984). Section 908(2) states:

> 'Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and the extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.'

*Martin*, 494 A.2d at 1096 (*quoting* Restatement (Second) of Torts, § 908(2)). "The state of mind of the actor is vital. The act, or the failure of the act, must be intentional, reckless or malicious." *Feld*, 485 A.2d at 748.

"'[A] court may not award punitive damages merely because a tort has been committed.'" *Davis v. Clear Lake Lumber, Inc.*, 6 Pa. D. & C.4th 67, 73 (Pa. Com. Pl. 1989) (*quoting Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243 (Pa. Super. 1983)). Instead, "'[a]dditional evidence must demonstrate willful, malicious, wanton, reckless or oppressive conduct.'" *Id.* (*quoting Delahanty*, *supra*); *see also Weston v. Northampton Personal Care, Inc.*, 62 A.3d 947, 961 (Pa. Super. 2013) (*quoting J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402 (Pa. Super. 2012)) ("'Punitive damages will lie only in cases of outrageous behavior, where defendant's egregious conduct shows either an evil motive or reckless indifference to the rights of others. Punitive damages are appropriate when an individual's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct'"). Outrageous conduct has been defined as an "act done with bad motive or with a reckless

5

indifference to the interests of others." *McClellan v. Health Maintenance Organization of Pennsylvania*, 604 A.2d 1053, 1061 (Pa. Super. 1992) (*citations omitted)*; *Focht v. Rabada*, 268 A.2d 157 (Pa. Super. 1970), *citing* Restatement (Second) of Torts §908(b).

Thus, "in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005) (*citing Martin*, 494 A.2d at 1097-98). Punitive damages, therefore, "***are awarded only for outrageous conduct***, that is, for acts done with bad motive or with a reckless indifference to the interests of others." *Martin*, 494 A.2d at 1097-98 (emphasis added). "***An essential fact needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous***." *Smith v. Brown*, 423 A.2d 743, 745 (Pa. Super. 1980) (emphasis added).

Accordingly, "[p]unitive damages may not be awarded for misconduct which constitutes ordinary negligence such as in advertence, mistake and errors of judgment." *Hall*, 788 A.2d at 403, *citing McDaniel v. Merck, Sharp & Dohme*, 533 A.2d 436, 447 (Pa. Super. 1987); *Martin*, 494 A.2d at 1097 (*citing* Restatement (Second) of Torts, § 908 cmt. b); *see also Davis*, 6 Pa. D. & C.4th at 73. Further, a showing of gross negligence is not enough to warrant punitive damages. *Takes v. Met. Edison Co., 695 A.2d 397, 400 n. 4 (Pa. 1997); Hutchinson*, 870 A.2d at 772; *Martin*, 494 A.2d at 1098.

For example, in *Tucker v. Bernzomatic*, 2010 WL 1838704 (E.D. Pa. 2010), the plaintiff was injured while using a torch to fix a broken pipe. *Tucker*, 2010 WL 1838704 at *1. The plaintiff raised negligence, strict products liability, and breach of warranties claims against the defendants, including a claim for punitive damages. *Id.* at *1 n.1. The defendants filed a motion

6

to dismiss the punitive damages claim and, in support of this motion, argued that the allegations in the plaintiff's complaint did not support a claim for punitive damages. *Id.* at *2. In deciding the defendants' motion to dismiss, the district court noted that the plaintiff's claim for punitive damages was based upon the allegation that defendants knew the torch was unsafe but sold it nevertheless. *Id.* However, the district court ruled that the pleading standards set forth in *Iqbal* and *Twombly* required more than conclusory allegations in order to survive a motion to dismiss. *Id.* at *2-3. The district court reasoned that "[a] complaint that 'tenders a naked assertion devoid of further factual enhancement,' . . . must be dismissed." *Id.* at *3 (*quoting Iqbal*, 556 U.S. at 678).

The *Tucker* court found that the plaintiff's complaint failed to include any allegations as to **how or why** the defendants knew their product was dangerous. *Id.* at *4. The court reasoned that "[m]ore is required than an unadorned assertion that [the] defendants 'knew' the torch was unsafe." *Id.* The district court ruled that the complaint therefore did not contain sufficient factual content to allow the court to "draw the reasonable inference that [the defendants] have acted in an outrageous fashion." *Id.* As such, the district court held that the punitive damages claim was dismissed. *Id. See also Smith*, 423 A.2d at 745 (The Superior Court of Pennsylvania found that the plaintiff's allegation that the defendant failed to act with due regard also raised the key question as to "**why** [the defendant] failed to have due regard." The Superior Court reasoned that "[w]ithout the answer to that question, there is no way to determine if [the defendant's] conduct was outrageous.") (emphasis added).

In the present matter, akin to *Tucker*, Plaintiffs have failed to plead any facts in their Complaint sufficient to warrant an award of punitive damages against Target. Notably, Plaintiffs' Complaint only avers that the Defendants **collectively** knew or should have known of

7

the claimed defect contained in Instant Pots and the alleged risk of harm this claimed defect posed to the public. *See* Exhibit "A" at ¶¶ 27, 29, 46, 58-60, 70. The Complaint is completely devoid of any supporting facts as to how each *individual* Defendant acquired and had this alleged knowledge. Plaintiffs failed to plead any facts as to the specific knowledge Target had of the alleged defect and the risks allegedly associated with this defect. Importantly, there are absolutely no facts in the Complaint to answer the key question as to *how or why* Target knew that the subject Instant Pot was defective and unreasonably dangerous. The bald allegations contained in the Complaint are nothing more than conclusory and speculative statements that amount only to threadbare recitals of the requisite elements of a claim for punitive damages. Such averments are insufficient to support a claim for punitive damages.

Plaintiffs further failed to allege any facts specifically as to Target that give rise to, or even suggest that Target's alleged actions were of a sufficient quality and character to support the imposition of punitive damages. Plaintiffs' Complaint merely alleges that Target marketed and sold Instant Pots, including the subject unit at issue in this matter. *See Id.* at ¶¶ 12, 22. Even accepting Plaintiffs' allegations as true for the purposes of this Motion to Dismiss, no action on the part of Target is or could be construed to show that Target acted with bad motive or reckless indifference. There are no facts pleaded as to the mental state of Target from which to draw a reasonable inference that Target acted in an outrageous fashion. The mere act of marketing and/or selling a product does not raise to the level of outrageous conduct. At best, Plaintiffs' averments merely allege negligent conduct, which is not enough to warrant punitive damages. As the averments contained in the Complaint do not draw any reasonable inference that Target acted in an outrageous fashion, they are insufficient to support a claim for punitive damages. The Complaint does not show that Plaintiffs are entitled to punitive damages from Target. The

allegations of Plaintiffs' Complaint therefore fall short of the requisite plausibility pleading standard. As such, Plaintiffs' punitive damages claim must be dismissed in its entirety.

## IV. CONCLUSION

For all of the foregoing responses, Defendant Target Corporation respectfully requests that this Honorable Court grant the within Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss any and all claims for punitive damages against Defendant Target Corporation, including the allegations of "reckless, callous, and depraved indifference," with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

DATE: <u>July 12, 2021</u>      BY:   <u>/s/ Joseph V. Lesinski</u>
JOSEPH V. LESINSKI, ESQUIRE
PA ID #312796
LAUREN E. PURCELL, ESQUIRE
PA ID #316850
*Counsel for Defendant, TARGET CORPORATION*
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
(412) 803-1140 / (412) 803-1188 fax
jvlesinski@mdwcg.com
lepurcell@mdwcg.com